Todd A. Boock (SBN 181933)
*todd@bnsklaw.com*
**BROWN NERI SMITH & KHAN LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

*Attorneys for Plaintiff*
THE ALIXIR COMPANY dba BEV

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| THE ALIXIR COMPANY dba BEV, a Delaware corporation,<br><br>                Plaintiff,<br><br>        v.<br><br>QUÉ ONDA BEVERAGE, INC. dba ONDA, a New York corporation,<br><br>                Defendant. | CASE NO.:<br><br>**COMPLAINT FOR:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114];**<br>2. **FEDERAL TRADEMARK AND TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION [15 U.S.C. § 1125(a)];**<br>3. **COMMON LAW UNFAIR COMPETITION; AND**<br>4. **CALIFORNIA STATUTORY UNFAIR COMPETITION [Cal. Bus. & Prof. Code §§ 17200 et seq.]**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff The Alixir Company dba Bev ("Bev" or "Plaintiff") hereby complains and alleges against Defendant Qué Onda Beverage, Inc. dba Onda ("Onda" or "Defendant") as follows:

**INTRODUCTION**

1.      Since 2017, The Alixir Company has been producing, packaging, marketing, distributing and selling high-quality sparkling wine beverages and related products across the United States under the brand name Bev.  Bev has been very successful since its launch, in part due to its distinct and recognizable brand presence and messaging.  In addition to its considerable online sales, Bev is distributed in major chain stores, such as BevMo!, Kroger and Target.

2.      For its entire existence, Bev has consistently used a distinctive and non-functional trade dress consisting of stylized cursive or print and a vibrant color scheme (e.g., pink, orange, yellow, bright blue, etc.), embodied in its packaging and merchandise.  The cursive script was created by Bev's founder's cousin and is an exact copy of her handwriting.  It is entirely unique to Bev.  During that same time, Bev has also used its federally registered

Bev    ®    **MADE BY CHICKS**    ®    MADE BY CHICKS    ®

trademarks in connection with its goods and merchandise.

3.      From the outset, Bev drew significant interest from Silicon Valley venture capitalists, due to its quality product, attractive branding, empowering message and compelling story.

4.      Bev was founded by a woman, Founder and CEO Alix Peabody, and Ms. Peabody runs the company primarily with ninety percent (90%) female employees.  Two of its primary slogans are, "Made By Chicks" and "Break The Glass," and according to its website, it is a "community of entrepreneurs, creatives,

1  & freelancers empowering women across industries – in business and beyond."

2       5.     The Company was started as the result of Ms. Peabody's renewed focus

3  and vision after going through a traumatic personal experience.  Ms. Peabody, then a

4  technology recruiter based in San Francisco, had been having chronic medical issues

5  that came to a head when she was twenty-four (24) years old.  After keeling over due

6  to severe abdominal pain while she was walking to work, she was rushed to the local

7  emergency room.  Doctors ultimately discovered that she was suffering from

8  significant medical issues with her reproductive system, which resulted in her losing

9  her ovaries and ability to naturally have children.

10      6.     Ms. Peabody told the magazine Marie Claire, in an article published on

11 January 23, 2020, how she began thinking of starting her company:

12           It was pretty interesting to be so young and to, in a way,

13           have what it means to be a woman come into question.  I

14           come from a big family and I've always wanted a family,

15           so the risk of not having that option was really scary. I

16           didn't expect how strangely liberating the whole process

17           would be—before that point, I hadn't thought much

18           about the decisions I was making, not realizing that I was

19           making them about a future that did not exist. That's

20           when I started thinking about building something myself

21           more seriously. It was a big wake-up call.

22 *See* https://www.marieclaire.com/career-advice/a30629818/alix-peabody-bev-

23 founding/.

24      7.     After recuperating, Ms. Peabody needed to pay off her medical bills, so

25 she started hosting ticketed events in Silicon Valley.

26 ///

27 ///

28

COMPLAINT

3

8.      Ms. Peabody's experience with these parties, in addition to her past history with sexual assault, led her to focus on making the social scene more approachable for women.  This, in turn, was the beginning of the thinking that led to Bev, which was "built around the idea that drinking culture can be more female-friendly." *Id*.  From that kernel of an idea, a company was born.

9.      In addition to offering alcoholic beverages, Bev also sells apparel and related accessories in connection with its distinctive Trade Dress and federally registered marks (collectively "Trademarks and Trade Dress"), as well as creates media and content surrounding its brand mission.  Everything Bev does from a content and creative perspective is – and always has been – executed in-house.

10.     Bev also developed a distinct marketing scheme that became highly identifiable with its brand.  This included photographs widely distributed on social media reflecting a friendly and positive tone, using Bev's distinctive Trademarks and Trade Dress, including its product packaging and color scheme, against vibrant-colored backdrops and objects, and often appearing in pool or beach scenes, among others.

11.     Two of Bev's many social media followers were apparently so inspired by Bev's Trade Dress, they decided to copy it when they started their own company, Onda.  Noah Gray, Onda's Chief Executive Officer, and Max Dworin, Onda's Chief Operating Officer, both followed Bev on Instagram before they launched Onda.  Rather than coming up with their own ideas, they apparently thought it would be easier to use Bev's distinctive Trade Dress without permission.

12.     Qué Onda Beverage, Inc. was incorporated on February 21, 2020, and Onda began selling canned tequila-based beverages in July 2020.  Onda's products bear marks essentially identical to Bev's federally registered logos and uses design elements confusingly similar to Bev's federally registered Pink and White Bev mark and Bev Trade Dress.  Onda also has copied Bev's marketing materials, frequently

pilfering Bev's ideas and using nearly identical photographs on social media, while directly targeting Bev's followers and consumers with paid advertising on social platforms.

13.     On July 9, 2020, Bev wrote to Onda and demanded that Onda stop its infringement, preserve all evidence due to the potential for litigation, and stop spoliating evidence by deleting consumer comments on its social media.  Onda has thus far been unwilling to discontinue all of its infringing activities, and has continued to delete and hide any commentary calling out its blatant infringement.

14.     Shortly after Bev sent its letter, Matte Babel, an actor and the significant other of one of Onda's alleged co-founders, actress Shay Mitchell, called Ms. Peabody to dissuade Bev from filing this lawsuit.  On information and belief, Mr. Babel does not have anything to do with Onda, other than his connection to Ms. Mitchell.  Mr. Babel told Ms. Peabody that "women shouldn't fight each other," transparently trying to capitalize on Bev's female empowerment and community mission.  While this may have had some merit had Ms. Mitchell (or any other alleged female founder) made the call, Mr. Babel's true goal was to help Onda get away with ripping off Bev's branding.

15.     Onda's unauthorized and intentional use of Bev's Trademarks and Trade Dress has already caused confusion in the marketplace, misled the consuming public, and injured Bev by causing consumers to incorrectly believe Onda's products are associated with or authorized by Bev.  Moreover, Onda's use of Bev's Trademarks and Trade Dress significantly undermines Bev's practice of protecting its Trademarks and Trade Dress and limiting their use by third parties.  Onda's acts have created a public impression that Bev's Trademarks and Trade Dress are available for use, thus opening the door for other acts of infringement and severely setting back Bev's efforts to protect its brand and goodwill.

///

1

## **JURISDICTION AND VENUE**

2      16.      This is a civil action seeking disgorgement of profits, punitive damages,

3  and injunctive relief under federal and California law based upon Onda's willful acts

4  of trademark and trade dress infringement, false designation of origin, and unfair

5  competition.

6      17.      This Court has original subject matter jurisdiction over the claims that

7  relate to trademark and trade dress infringement and false designation of origin

8  under 15 U.S.C. §§ 1116 and/or 1121(a) and also pursuant to 28 U.S.C. §§ 1331 and

9  1338(a), as these claims arise under the laws of the United States.  The Court has

10  supplemental jurisdiction over the claims in this Complaint that arise under state

11  statutory and common law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), because

12  those claims are so related to Bev's federal claims within the Court's original

13  jurisdiction that they form part of the same case or controversy and derive from a

14  common nucleus of operative facts.

15      18.      This Court also has jurisdiction pursuant to 28 U.S.C. § 1332, because

16  there is complete diversity of citizenship between Bev and Onda, and the amount in

17  controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest

18  and costs.

19      19.      This Court has personal jurisdiction over Onda because Onda has a

20  continuous, systematic, and substantial presence within this Judicial District and

21  within California.  Onda markets and sells its products in California, including in

22  this Judicial District.  In addition, by committing acts of trademark and trade dress

23  infringement, false designation of origin, and unfair competition in this Judicial

24  District, including, but not limited to, by using infringing marks and design elements

25  in connection with the advertisement, marketing, promotion, sale, and offer for sale

26  of goods to customers in this Judicial District, Onda's acts form a substantial part of

27  the events or omissions giving rise to Bev's claims.

28

20.     Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) and (c) at least because Onda resides in this Judicial District by virtue of being subject to personal jurisdiction within this Judicial District, a substantial portion of the events complained of herein took place in this Judicial District, and the effects of Onda's infringing acts have been felt in this Judicial District, where Bev is located.

## THE PARTIES

21.     Plaintiff The Alixir Company dba Bev is a Delaware corporation with its principal place of business in Los Angeles, California.  Bev is a successful startup wine company owned and primarily operated by women, specializing in marketing and selling sparkling wine varietals in cans.

22.     On information and belief, Defendant Qué Onda Beverage, Inc. dba Onda is a Delaware corporation with its principal place of business in New York, New York.  According to its website, Onda makes "tequila soda, but *sparkling* with real, legit juice."

## BEV'S BUSINESS, TRADEMARKS AND TRADE DRESS

23.     Since 2017, Bev has been operating a successful and growing business specializing in delicious sparkling wine varietals, related merchandise and the female-empowerment Bev "lifestyle."  As of this year, Bev has developed into national brand featured in many major chain stores, including, but not limited to, Target, Kroger, Albertsons and BevMo.  Bev has also drawn significant investments from top investors, who believe in Bev's long-term future.

24.     Since its start in 2017, Bev has consistently been using the same brand identity, including color scheme, logo and marketing tag lines, to attract the strong community it has developed to date.  That brand identity and trade dress has been employed in Bev's merchandise, social media and marketing from the beginning. As of the filing of this complaint, Bev has garnered more than twenty-three thousand

six hundred followers on Instagram (including Onda's CEO and COO) and press coverage in major national outlets, including Forbes, Money, TechCrunch and others.

25.    For its entire existence, Bev has consistently used its Trademarks and Trade Dress in connection with its products and services.  Bev has consistently used its Trademarks and/or Trade Dress on its main office facility and product packaging, including cans and boxes, as shown in the photos below:

 

26.    The Bev Trade Dress is non-functional.  The design features embodied by the Bev Trade Dress are not essential to Bev's product development, distribution or packaging, do not make the product development, distribution or packaging cheaper or the product development or packaging easier to manufacture, and do not affect the quality of the product or its packaging.  The design features of the Bev Trade Dress are not a competitive necessity.  The design features of the Bev Trade Dress serve no purpose other than an assurance that Bev is the source of the products.

27.    Long before Onda's acts complained of herein, Bev has used its Trademarks and Trade Dress on cans, packaging, apparel and other items, including, but not limited to, hats, t-shirts, socks, beverage accessories, keychains, and other

items.  Bev has continuously used its Trademarks and Trade Dress in connection with apparel, including, for example, socks, t-shirts, pullovers, coolers and other accessories since at least as early as 2018.  True and correct examples of Bev's apparel and other items bearing its Trademarks or Trade Dress are shown below:









28.    Clothing and other merchandise bearing Bev's Trademarks and Trade Dress are sold through its website, www.drinkbev.com.

29.    Despite the high demand for apparel bearing Bev's Trademarks and

Trade Dress, Bev has not licensed its Trademarks or Trade Dress for use on third-party apparel.

30.     Through its widespread use and promotion, Bev has achieved common law rights in its Trademarks and Trade Dress in connection with beverage and related products, including apparel.  In addition, Bev owns three (3) U.S. Trademark Registrations for its brand identifiers in connection with wines and spirits (including tequila) goods and services:

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| Bev ® (No claim to any particular font style, size or color) | 5,475,488 | May 22, 2018 | Intl. Class 33:  Wine U.S. Class 47:  Wines U.S. Class 49:  Distilled alcoholic liquors |
| MADE BY CHICKS ® (No claim to any particular font style, size or color) | 5,654,514 | January 15, 2019 | Intl. Class 33:  Wine U.S. Class 47:  Wines U.S. Class 49:  Distilled alcoholic liquors |
| MADE BY CHICKS ® (Claiming the colors white and pink; and a white stylized font set against a pink backdrop) | 5,660,200 | January 22, 2019 | Intl. Class 33:  Wine U.S. Class 47:  Wines U.S. Class 49:  Distilled alcoholic liquors |

31.    Attached hereto as Exhibits A – C are true and correct copies of Bev's trademark registrations identified in Paragraph 29 of this Complaint, which are hereby incorporated by reference.

32.    In addition, Bev has seven (7) active and pending trademarks for which it has received Notices of Allowance from the United States Patent and Trademark Office ("USPTO"), for which Statement of Use extensions have been filed, and which currently remain under examination:

| Mark | Application No. | Filing Date | NOA Date | Goods/Services |
|---|---|---|---|---|
| #drinkbev ™<br><br>(No claim to any particular font style, size or color) | 87736084 | December 27, 2017 | May 22, 2018 | Intl. Class 33: Wine<br>U.S. Class 47: Wines<br>U.S. Class 49: Distilled alcoholic liquors |
| Bev Rose Wine ™<br><br>(No claim to any particular font style, size or color) | 87736098 | December 27, 2017 | May 1, 2018 | Intl. Class 33: Wine<br>U.S. Class 47: Wines<br>U.S. Class 49: Distilled alcoholic liquors |
| *Bev* ™<br><br>(Claiming the colors pink and white; and a pink stylized font set against a white backdrop) | 87841507 | March 20, 2018 | October 16, 2018 | Intl. Class 33: Wine<br>U.S. Class 47: Wines<br>U.S. Class 49: Distilled alcoholic liquors |

| | | | | |
|---|---|---|---|---|
| (Claiming the colors pink and white; and white stylized cursive set against a pink circle on a white background) | 87841590 | March 20, 2018 | October 2, 2018 | Class 33:  Wine U.S. Class 47: Wines U.S. Class 49: Distilled alcoholic liquors |
| Bev California Rose Wine ™ (No claim to any particular font style, size or color) | 87841754 | March 20, 2018 | October 2, 2018 | Class 33:  Wine U.S. Class 47: Wines U.S. Class 49: Distilled alcoholic liquors |
| #madebychicks ™ (No claim to any particular font style, size or color) | 87932213 | May 22, 2018 | October 2, 2018 | Class 33:  Wine U.S. Class 47: Wines U.S. Class 49: Distilled alcoholic liquors |
| #breaktheglass ™ (No claim to | 88012568 | June 24, 2018 | August 13, 2019 | Class 33:  Wine U.S. Class 47: Wines U.S. Class 49: Distilled alcoholic liquors |

| any particular font style, size or color) | | | | |
|---|---|---|---|---|
| | | | | |

33.     Attached hereto as Exhibits D – J are true and correct copies of Bev's Notices of Allowance identified in Paragraph 32 of this Complaint, which are hereby incorporated by reference.

34.     Bev's Trademarks and Trade Dress are the subject of substantial and continuous marketing and promotion by Bev.  Bev has invested millions of dollars in developing, advertising, and otherwise promoting its Trademarks and Trade Dress.

35.     Bev has amassed significant consumer goodwill since its inception.  It is a recognizable brand, and its products and packaging have acquired a devoted fan base and community throughout the United States, including, but not limited to, its home state of California.

36.     Bev and its products have also received significant exposure in national publications.  Since 2017, Bev has been featured in Forbes, Marie Claire, TechCrunch, Money, Entrepreneur, People, among others.

37.     Bev has also attracted partnerships with several influencers, including Sara and Erin Foster, to promote its brand, lifestyle and community.

38.     As a result of the care and skill exercised by Bev in the conduct of its business, the high quality of its products offered under its Trademarks and Trade Dress, and the extensive advertising, sale and promotion of Bev's products in connection with Bev's Trademarks and Trade Dress, its Trademarks and Trade Dress have acquired great value as designating that Bev is the source of its goods and services.  Consumers in this Judicial District and elsewhere readily recognize Bev's Trademarks and Trade Dress as distinctive designations of origin of Bev and its products and services.

39.    These Trademarks and Trade Dress are intellectual property assets of enormous value as symbols of Bev and its high quality products, lifestyle, community, reputation and goodwill.

<u>**ONDA'S INFRINGING ACTS**</u>

40.    Onda sells carbonated canned tequila beverages in the United States.

41.    Without permission or consent from Bev, in July 2020, Onda launched two carbonated tequila products, called Sparkling Tequila Lime and Sparkling Tequila Grapefruit (collectively, "Sparkling Tequilas"), as shown below:

 

 

42.     The Sparkling Tequilas packaging uses marks extremely similar to Bev's federally registered and pending marks, as well as design elements confusingly similar to Bev's Trade Dress.

43.     Onda  has advertised its sparkling Tequilas on its website, www.drinkonda.com (clearly based on Bev's www.drinkbev.com), and its social media accounts, including, for example, www.instagram.com/drinkonda.

44.     In Onda's description of its Sparkling Tequila Grapefruit beverage on its website, Onda states, "Her nickname is Paloma.  Our Sparkling Tequila Grapefruit is perfect for a beachside sunset or any sunset for that matter."  Bev's description of all Bev products and the Bev brand has always used female nomenclature:  "she's bright and a lil' fizzy with light and refreshing notes of elderflower, pear, and a zesty grapefruit finish."

45.     A true and correct screenshot of Onda's webpage is attached hereto as Exhibit K.  A true and correct screenshot of Bev's webpage is attached hereto as Exhibit L.  A true and correct screenshot of Onda's Instagram page is attached hereto as Exhibit M.  A true and correct screenshot of Bev's Instagram page is attached hereto as Exhibit N.

46.     Onda is deliberately attempting to associate itself and its products with Bev.  Onda has used marks virtually identical to those of Bev and design elements confusingly similar to Bev's Trade Dress on its products, packaging, website and marketing.

47.     Onda has marketed and promoted its Sparkling Tequila Products and merchandise in connection with the California lifestyle and other elements that Bev has used in its marketing and community outreach.

48.     As described *supra*, Onda's CEO and COO were followers of Bev's Instagram page long before they launched Onda, and they remain followers as of the filing of this Complaint.  Messrs. Gray and Dworin are clearly fans of Bev's

marketing style and Trade Dress, since they copied it for Onda and knowingly and intentionally have used it to market Onda to the general public.

49.    Examples of Onda's use of virtually identical and confusingly similar marks and Trade Dress in its copycat marketing include, but are not limited to, the following:

On December 3, 2017, Bev posted the photo below on its Instagram page:



Onda posted a very similar image on July 5, 2020:



///
///
///
///

On January 16, 2019, Bev posted a photo of two cans next to each other, showing the side of one and the top of the other:



Onda then stole the idea on July 17, 2020 (the cans are even angled identically):



///
///
///
///
///

On April 23, 2019 and May 17, 2020, Bev posted images of its can floating in a swimming pool:

 

Onda apparently liked the idea so much, it used it in a July 29, 2020 post:



///

///

In another example, Bev posted the image below on May 16, 2019:



Onda followed suit on July 1, 2020:



And again on August 25, 2020:



On March 18, 2019, Bev used the following image in its promotional materials:



Like clockwork, Onda misappropriated Bev's design and is currently using it on its website:



50.    Onda's misappropriation of Bev's Trademarks and Trade Dress has even included merchandise.  For example, Bev sells the below t-shirt with the Bev logo:



Onda sells a baseball hat on its website, with virtually the same coloring and a confusingly similar logo:



51.    Onda has also used virtually identical and/or confusingly similar design elements on its packaging and website to Bev's Trademarks and Trade Dress.  Bev's website is www.drinkbev.com and was registered on July 28, 2017.  Bev also uses "drinkbev" for its Instagram and other social media handles.  Onda's website, unsurprisingly, is www.drinkonda.com and was registered on September 29, 2019.  Onda uses "drinkonda" for its social media profiles.

52.    Examples of Onda's use of virtually identical and confusingly similar marks and Trade Dress in its packaging include, but are not limited to, the following:

Bev's box for its California Rosé beverage is the following:



And Onda's is unsurprisingly similar, confusingly so in a grocery aisle:



53.     Onda has even tried to co-opt Bev's female-empowerment message (e.g., "Made by Chicks") held so close by Bev's founder, Ms. Peabody.  On its website and other media, Onda promotes that "All beverages are made with blanco tequila from a woman-owned distillery in Jalisco, Mexico.  We are proud to support a woman-owned business in a predominantly male industry."  Bev would normally laud any effort to support businesses owned by women (like Bev itself).  Considering the totality of the circumstances, however, this is yet another unique and important aspect of Bev that Onda has tried to misappropriate for its own use.

54.     Onda deliberately intended to trade off the popular and positive goodwill associated with Bev and its Trademarks and Trade Dress by displaying features on its products and in its marketing nearly identical to or including the same elements as Bev's Trademarks and Trade Dress.

55.     Bev is not affiliated in any way with Onda, Messrs. Gray and Dworin, or their Sparkling Tequila Beverages.

56.     Without permission, authorization, or consent from Bev, Onda has infringed the Bev Trademarks and Trade Dress by designing, making, using, promoting, advertising, selling, and/or offering to sell goods using marks that are virtually identical to Bev's marks as well as design elements that are confusingly similar to Bev's Trade Dress.

57.     Indeed, Onda has a duty to avoid confusion with Bev and Bev's Trademarks and Trade Dress because Onda entered the market with its Sparkling Tequila Beverages long after Bev.  Nevertheless, Onda has purposely designed, sold, promoted, marketed, distributed and/or offered their goods in a manner that causes a likelihood of confusion with Bev and its Trademarks and Trade Dress.

58.     Onda's unauthorized use of Bev's Trademarks and Trade Dress in connection with the design, sale, marketing, and advertising of their Sparkling Tequila Beverages has created actual confusion in the marketplace.  Numerous

consumers have contacted Bev directly and/or posted comments on Onda's social media (which were later hidden from public view by the Onda team), expressing confusion and a belief that Bev is the source of the Sparkling Tequila Beverages.  In addition, many consumers have mistakenly believed there is a connection between Bev and Onda's products, when there is not.  Examples of instances of actual consumer confusion on social media are shown below, but these are by no means the only examples:






1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





59.     All of these comments have been deleted by Onda, despite Bev's specific request that Onda preserve evidence, including consumer comments.

60.     As a result of its brazen practices and failure to honor Bev's Trademarks and Trade Dress, Onda is taking advantage of the goodwill Bev has developed by misleading consumers to believe that its products were created by Bev. Onda has taken no steps to dissuade this erroneous belief, and in fact, has deleted consumer comments expressing confusion.

## FIRST CAUSE OF ACTION

### Federal Trademark Infringement (15 U.S.C. § 1114)

### (Against Onda)

61.     Plaintiff hereby incorporates by reference each of the allegations in the preceding paragraphs as though fully set forth herein.

62.     Bev exclusively owns the federally registered stylized cursive and other marks identified in Paragraph 29, which are valid and enforceable.

63.     Bev has used the federally registered stylized cursive marks in interstate commerce in connection with the advertising and promotion of its goods and services.

64.     Without authorization or permission, Onda has used in commerce and continues to use in commerce marks and design elements confusingly similar to Bev's stylized cursive marks that are the subject of Bev's U.S. trademark registrations identified in Paragraph 29, in connection with the making, selling, advertising, marketing, and/or promoting of Onda's goods.

65.     Onda's unauthorized use of marks and design elements confusingly similar to Bev's federally registered stylized cursive marks has caused, and will likely continue to cause, confusion, mistake, or deception in the relevant consumer market.

///

66.     Onda's unauthorized use of marks and design elements confusingly similar to Bev's federally registered stylized cursive marks constitutes infringement of federally registered trademarks in violation of 15 U.S.C. § 1114.

67.     Onda's acts constitute willful and intentional infringements of Bev's federally registered stylized cursive marks, and Onda did so with the intent to trade upon Bev's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Onda's products are associated with, sponsored by, approved by, and/or originating from Bev, when they are not.

68.     Onda had actual knowledge of Bev's ownership and prior use of its stylized cursive marks, and has willfully violated 15 U.S.C. § 1114.

69.     Onda has acted in bad faith and/or willfully in using marks and design elements confusingly similar to Bev's stylized cursive marks in connection with Onda's products.

70.     Onda's infringing acts have caused and will continue to cause Bev to suffer irreparable injury to its reputation and goodwill.  Bev does not have an adequate remedy at law to recover for this harm, and it is therefore entitled to injunctive relief.

71.     Defendant has continued to use Bev's Trademarks despite having actual knowledge of Bev's superior trademark rights as alleged herein.  Defendant's infringement of the Bev's registered trademarks accordingly constitutes intentional, willful, knowing, and deliberate trademark infringement.  Plaintiff therefore seeks judgment in the amount of three (3) times its damages, together with reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a).

72.     Defendants' infringement of Bev's Trademarks as alleged herein has caused, and will continue to cause, Bev to suffer damages in an amount unknown at this time and has caused, and will continue to cause, Defendants to gain revenues

and profit in an amount unknown at this time.  Pursuant to 15 U.S.C. § 1117(a), Bev is entitled to an award of monetary damages in an amount equal to the losses suffered by Bev or the revenues and/or profits gained by Defendant, which damages should be augmented as provided by 15 U.S.C. §1117(a).

73.    Pursuant to 15 U.S.C. § 1117(a), any monetary damages awarded to the Bev should be trebled.

74.    Pursuant to 15 U.S.C. § 1117(a), Bev is entitled to an award of attorneys' fees and costs of suit.

## SECOND CAUSE OF ACTION

### Trademark Infringement, Trade Dress Infringement, And

### False Designation Of Origin (15 U.S.C. § 1125(a))

### (Against Onda)

75.    Plaintiff hereby incorporates by reference each of the allegations in the preceding paragraphs as though fully set forth herein.

76.    As a result of the widespread use and promotion of Bev's Trademarks and Trade Dress, Bev's Trademarks and Trade Dress have acquired fame and secondary meaning to consumers and potential consumers, in that consumers and potential consumers have come to associate the Trademarks and Trade Dress with Bev.

77.    Onda has infringed Bev's Trademarks and Trade Dress, and created a false designation of origin, by using in commerce, without Bev's permission, confusingly similar marks and design elements.

78.    Onda's unauthorized use of marks (including, but not limited to, those identified in Paragraphs 29 and 31) and design elements confusingly similar to Bev's Trademarks and Trade Dress in connection with its goods constitutes a false designation of origin, a false or misleading description of fact, and false or misleading representation of fact, and has caused and is likely to cause confusion,

mistake, and/or deception as to the affiliation, connection or association of Onda's products with Bev and the origin, sponsorship or approval of Onda's products by Bev.

79.    The aforesaid acts constitute trademark infringement, trade dress infringement, false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

80.    Onda's acts constitute willful and intentional infringements of Bev's Trademarks and Trade Dress, and Onda did so with the intent to trade upon Bev's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Onda's products are associated with, sponsored by, approved by, or originating from Bev, when they are not.

81.    Onda had actual knowledge of Bev's ownership and prior use of Bev's Trademarks and Trade Dress, and without consent of Bev, willfully violated 15 U.S.C. § 1125(a).

82.    Onda has acted in bad faith and/or willfully in using marks and design elements confusingly similar to Bev's Trademarks and Trade Dress in connection with Bev's products.

83.    Onda's infringing acts have caused and will continue to cause Bev to suffer irreparable injury to its reputation and goodwill.  Bev does not have an adequate remedy at law to recover for this harm, and it is therefore entitled to injunctive relief.

84.    Defendant has continued to use Bev's Trademarks and Trade Dress despite having actual knowledge of Bev's superior trademark rights as alleged herein.  Defendant's infringement of the Bev's Trademarks and Trade Dress accordingly constitutes intentional, willful, knowing, and deliberate trademark infringement.  Plaintiff therefore seeks judgment in the amount of three (3) times its damages, together with reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a).

85.     Defendants' infringement of Bev's Trademarks and Trade Dress as alleged herein has caused, and will continue to cause, Bev to suffer damages in an amount unknown at this time and has caused, and will continue to cause, Defendants to gain revenues and profit in an amount unknown at this time.  Pursuant to 15 U.S.C. § 1117(a), Bev is entitled to an award of monetary damages in an amount equal to the losses suffered by Bev or the revenues and/or profits gained by Defendant, which damages should be augmented as provided by 15 U.S.C. §1117(a).

86.     Pursuant to 15 U.S.C. § 1117(a), any monetary damages awarded to the Bev should be trebled.

87.     Pursuant to 15 U.S.C. § 1117(a), Bev is entitled to an award of attorneys' fees and costs of suit.

### THIRD CAUSE OF ACTION

### Unfair Competition Under The Common Law

### (Against Onda)

88.     Plaintiff hereby incorporates by reference each of the allegations in the preceding paragraphs as though fully set forth herein.

89.     The acts of Onda complained of herein constitute trademark infringement, trade dress infringement, and unfair competition in violation of the common law of the State of California.

90.     Onda's acts complained of herein have been committed and are being committed with the deliberate purpose and intent of appropriating and trading on Bev's goodwill and reputation, and thereby unfairly competing with Bev in violation of the common law of the State of California.

91.     Onda's actions described herein were taken with substantial certainty that such acts would cause harm to Bev and in conscious disregard for Bev's rights. Onda's conduct described herein was done with malice, ill will and intent to harm Bev, such as to constitute oppression, fraud, malice, and despicable conduct under

California Civil Code section 3294, and thereby entitling Bev to exemplary damages in an amount appropriate to punish and set an example of Onda.

92.    Onda has acted willfully and/or in bad faith in using marks and design elements confusingly similar to Bev's Trademarks and Trade Dress in connection with Onda's products.

93.    The foregoing acts have caused Bev irreparable harm, and, unless enjoined, Bev's acts as alleged herein will continue to cause Bev irreparable harm, loss and injury.

## FOURTH CAUSE OF ACTION

### Unfair Competition, Cal. Bus. & Prof. Code §§ 17200 et seq.

### (Against Onda)

94.    Plaintiff hereby incorporates by reference each of the allegations in the preceding paragraphs as though fully set forth herein.

95.    By virtue of the acts complained of herein, Onda has intentionally caused a likelihood of confusion among consumers and the public and has unfairly competed in violation of California Business and Professions Code sections 17200, *et seq*.

96.    Onda's acts complained of herein constitute trademark infringement, trade dress infringement, unfair competition, and unlawful, unfair, malicious, or fraudulent business practices, which have injured Bev.

97.    Onda has acted willfully and/or in bad faith in using marks and design elements confusingly similar to Bev's Trademarks and Trade Dress in connection with Onda's products and promotion.

98.    Onda's unfair and unlawful business practices in violation of California Business and Professions Code sections 17200, *et seq.*, have caused substantial injury to Bev and are continuing to cause substantial injury.  Bev has no  adequate remedy at law for these injuries.  Unless Onda is restrained by this Court from

1  continuing its unfair and unlawful business practices in violation of California

2  Business and Professions Code sections 17200, *et seq.*, these injuries will continue

3  to accrue.  Pursuant to California Business and Professions Code section § 17204,

4  Bev is entitled to preliminary and permanent injunctive relief against Onda's unfair

5  and unlawful business practices constituting statutory unfair competition in violation

6  of California Business and Professions Code sections 17200, *et seq.*

## **PRAYER FOR RELIEF**

8        WHEREFORE, Plaintiff prays for the following relief:

9      1.     Judgment against Onda on all causes of action alleged herein;

10     2.     That the Court render a final judgment that the Defendant has violated

11  the provisions of 15 U.S.C. § 1114 by willfully infringing Bev's trademark rights in

12  the marks that are the subject of U.S. Trademark Registrations and Filings identified

13  in Paragraphs 29 and 32;

14     3.     That the Court render a final judgment that the Defendant has violated

15  the provisions of 15 U.S.C. § 1125(a) by willfully infringing Bev's Trademarks and

16  Trade Dress;

17     4.     That the Court render a final judgment that the Defendant has violated

18  the provisions of California Business & Professions Code § 14245 by California

19  common law by unfairly competing with Bev;

20     5.     That the Court render a final judgment that the Defendant has violated

21  California Business & Professions Code §§ 17200, e*t seq.* by committing trademark

22  infringement, trade dress infringement, and unfairly competing with Bev;

23     6.     That the Defendant, its agents, servants, employees, successors, assigns

24  and attorneys and any related companies, and all persons in active concert or

25  participation with one or more of them be preliminarily and permanently enjoined

26  and restrained from:

27

28

COMPLAINT

      a.      unlawfully using the stylized cursive mark, and/or Bev's Trade Dress, or any other mark or trade dress that is essentially identical to, a colorable imitation of, or confusingly similar to Bev's marks and/or Trade Dress;

      b.      filing any applications for registration of any trademarks or trade dress confusingly similar to Bev's stylized cursive or other marks and/or Trade Dress;

      c.      unfairly competing with Bev in any manner; and

      d.      causing a likelihood of confusion or injury to Bev's business reputation.

7.      That the Defendant be directed to file with this Court and serve on Bev within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which they have complied with the injunction pursuant to 15 U.S.C. § 1116;

8.      That the Defendant be required to account to Bev for any and all profits derived by the Defendant by virtue of its acts complained of herein;

9.      That this case be deemed exceptional and the amount of profits be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117.

10.      That Bev be awarded exemplary damages from the Defendant pursuant to California Civil Code section 3294;

11.      That the Court award Bev its reasonable costs, expenses, and attorneys' fees pursuant to at least 15 U.S.C. § 1117;

12.      That the Defendant's actions be deemed willful;

13.      That the Defendant be required to deliver and destroy all goods, advertising, and other unauthorized materials bearing marks and trade dress that are essentially identical to, colorable imitations of, or confusingly similar to Bev's

stylized cursive and other marks, and/or Bev's Trade Dress, pursuant to 15 U.S.C. § 1118;

14.   That Bev be awarded restitution and disgorgement; and

15.   Any other relief the Court deems just and proper.

Dated:  September 11, 2020                       _____/s/ Todd A. Boock_____
                                                                  Todd A. Boock
                                                                  *todd@bnsklaw.com*
                                                                  **BROWN, NERI, SMITH & KHAN LLP**
                                                                  11601 Wilshire Boulevard, Suite 2080
                                                                  Los Angeles, California 90025

                                                                  *Attorneys for Plaintiff*
                                                                  THE ALIXIR COMPANY dba BEV