Todd A. Boock (SBN 181933)
 todd@bnsklaw.com
**BROWN NERI SMITH & KHAN, LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone:  (310) 593-9890
Facsimile:   (310) 593-9980

*Attorneys for Plaintiff*
THE ALIXIR COMPANY dba BEV

*Defendant's counsel on following page*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| THE ALIXIR COMPANY dba BEV, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>QUE ONDA BEVERAGE, INC. dba ONDA, a Delaware corporation,<br><br>Defendant. | Case No. 2:20-cv-08368-RGK-RAO<br><br>Hon. R. Gary Klausner<br>Hon. Rozella A. Oliver<br><br>**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed:  September 11, 2020<br>Trial Date:  November 30, 2021 |

{F4163366 1 }

**Counsel for Defendant Que Onda Beverage, Inc. dba Onda**

Kevin R. Lussier (SBN 143821)
 klussier@cmlawfirm.com
**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET LLP**
800 Wilshire Boulevard, 15th Floor
Los Angeles, California 90017
Telephone:  (213) 689-8500
Facsimile:  (213) 689-8501

James D. Weinberger (*admitted pro hac vice*)
 jweinberger@fzlz.com
Daniel M. Nuzzaci (*admitted pro hac vice*)
 dnuzzaci@fzlz.com
**FROSS ZELNICK LEHRMAN & ZISSU, P.C.**
151 West 42nd Street, 17th Floor
New York, New York 10036
Telephone:  (212) 813-5900
Facsimile:  (213) 813-5901

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties.  The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G).  The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

THEREFORE:

## I.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may

1    be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to

2    enter the following Stipulated Protective Order.  The parties acknowledge that this

3    Order does not confer blanket protections on all disclosures or responses to

4    discovery and that the protection it affords from public disclosure and use extends

5    only to the limited information or items that are entitled to confidential treatment

6    under the applicable legal principles.  The parties further acknowledge, as set forth

7    in Section 12.3, below, that this Stipulated Protective Order does not entitle them to

8    file confidential information under seal; the parties must follow the applicable local

9    rules, including the procedures that must be followed and the standards that will be

10   applied when a party seeks permission from the Court to file material under seal.

11   ### A.   GOOD CAUSE STATEMENT

12   This action involves alleged trade secrets, confidential information,

13   development, commercial, financial, technical and/or proprietary information for

14   which special protection from public disclosure and from use for any purpose other

15   than prosecution of this action is warranted.  Such confidential and proprietary

16   materials and information may consist of, among other things, confidential business

17   or financial information, information regarding confidential business practices, or

18   other confidential research, development, or commercial information (including

19   information implicating privacy rights of third parties), information otherwise

20   generally unavailable to the public, or which may be privileged or otherwise

21   protected from disclosure under state or federal statutes, court rules, case decisions,

22   or common law.  Accordingly, to expedite the flow of information, to facilitate the

23   prompt resolution of disputes over confidentiality of discovery materials, to

24   adequately protect information the parties are entitled to keep confidential, to ensure

25   that the parties are permitted reasonable necessary uses of such material in

26   preparation for and in the conduct of trial, to address their handling at the end of the

27   litigation, and serve the ends of justice, a protective order for such information is

28   justified in this matter.  It is the intent of the parties that information will not be

{F4163366 1 }

designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## B.   <u>ACKNOWLEDGEMENT OF PROCEDURE FOR FILING UNDER SEAL</u>

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal.  The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For

each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectible portions of the document shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## II. **DEFINITIONS**

2.1 <u>Action</u>: *The Alixir Company dba Bev v. Que Onda Beverage, Inc. dba Onda.*, Case No. 2:20-cv-08368-RGK-RAO.

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, including, but not limited to, information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     "HIGHLY CONFIDENTIAL" Information or Items:  information or items (regardless of how generated, stored or maintained) or tangible things that contain or reflect sensitive Confidential Information that the designating party contends are trade secrets and/or commercially sensitive, the disclosure of which could cause harm that could not be avoided absent such designation.  Such designation shall constitute a representation by the Designating Party that he, she or it, in good faith, believes that the Material so designated contains or constitutes at the time of the designation: (a) competitively sensitive or proprietary information, including trade secrets, research, analysis, development, financial or other commercial information of a non-public nature, non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation; non-public business or financial strategies, business plans, strategic plans, sales and marketing plans, marketing surveys, earnings or other financial projections, contracts or agreements, including any documentation that is considered confidential or proprietary under other confidentiality or non-disclosure agreements and/or information protected by the right of privacy and/or any applicable privilege; AND (b) the disclosure of such document or information to another Party or Non-

Party, would create a risk of harm or injury that could not be avoided by a less restrictive designation. To the extent that a Party or Non-Party desires that any Confidential Information not specifically identified in subsection (a) above be treated as "Attorneys' Eyes Only," it may inform the other Party or Parties and they shall have a good faith meet and confer in an attempt to accommodate any such concerns. To the extent that a Party or Non-Party disagrees with an "Attorneys' Eyes Only" designation, that Party or Non-Party shall follow the "Challenging Confidentiality Designations" procedure specified in Section VI herein. The Parties expressly acknowledge that they will abide by Section 5.1 herein and not indiscriminately designate Materials as "Attorneys' Eyes Only" and will take care to limit any such designation to specific material that qualifies under the appropriate standards. Materials designated as "Attorneys' Eyes Only" may not be used for any business or commercial purpose or any purpose unrelated to the prosecution or defense of this litigation.

2.9    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party and includes support staff.

2.12    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

## III.   **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

## IV.   **DURATION**

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana*, 477 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).

For material or information that does not become public at trial, after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.  Final disposition shall be deemed to be the later of (1) dismissal

of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V.   DESIGNATING PROTECTED MATERIAL

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the inapplicable designation.

5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection asserted.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(b)     for testimony given in a deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, whenever possible, all protected testimony and specify the level of protection being asserted.

(1)     However, a party may designate portions of depositions as containing Protected Material after transcription of the proceedings.  A Designating Party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY."

(2)     The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.

(3)     The Designating Party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraphs 7.2 and 7.3 below.

(4)     The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive

the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer.  The Challenging Party objecting to confidentiality must notify, in writing, counsel for the Designating Party of the objected-to materials and the grounds for the objection.  If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the Challenging Party may move the Court for a ruling on the objection, in accordance with the procedure set forth in Local Rules 37.1, *et seq*.  The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the materials in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the

conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:  (1) the

deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j) any other person with the prior written consent of the Designating Party or by Order of this Court.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. A higher level of protection shall be provided for trade secrets and highly sensitive research, development or commercial documents, testimony, information, or other materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Unless otherwise ordered by the Court or permitted in writing by the Designating Party, access to material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be restricted to the following individuals:

(a) Outside Counsel of Record for the Parties as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information to assist such attorneys in connection with the Action;

(b) Experts (as defined in this Order) used by Outside Counsel of Record for the Parties (1) to whom disclosure is reasonably necessary for this Action; and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) court reporters and their staff;

1    (d) the Court and its personnel;

2    (e) professional jury or trial consultants, and Professional Vendors to

3 whom disclosure is reasonably necessary for this Action and who have signed the

4 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5    (f) authors and recipients of the Confidential Material;

6    (g) a fact deposition witness or a trial witness that meets the limitations

7 of Section (f) above; any 30(b)(6) deposition witness presented by the Designating

8 Party; any trial witness, provided that the Designated Material marked "HIGHLY

9 CONFIDENTIAL – ATTORNEYS' EYES ONLY" has been or will be offered into

10 evidence, by stipulation of the Designating Party or by ruling by the Court; attorneys

11 for those witnesses; and if disclosure is reasonably necessary, provided: (1) the

12 deposing and/or examining party requests that the witness sign the form attached as

13 Exhibit A hereto; and (2) the witness will not be permitted to keep any confidential

14 information unless they sign the "Acknowledgment and Agreement to Be Bound"

15 (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the

16 court.  Pages of transcribed deposition testimony or exhibits to depositions that

17 reveal Protected Material may be separately bound by the court reporter and may

18 not be disclosed to anyone except as permitted under this Stipulated Protective

19 Order;

20    (h) any mediator or settlement officer, and their supporting personnel,

21 mutually agreed upon by the parties engaged in settlement discussions, subject to

22 their agreement to maintain confidentiality to the same degree as required by this

23 Protective Order; and

24    (i) any other person with the prior written consent of the Designating

25 Party or by Order of this Court.

26 **VIII. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>**

27   **<u>PRODUCED IN OTHER LITIGATION</u>**

28  If a Party is served with a subpoena or a court order issued in other litigation

that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or Court Order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that Court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## IX.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## X.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

{F4163366 1 }

Agreement to Be Bound" that is attached hereto as Exhibit A.

## XI. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## XII. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. This Order may be modified by agreement of the parties, subject to Court approval. The Court may otherwise modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground, including, but not limited to, the attorney-client privilege and work product doctrine, not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

{F4163366 1 }

12.3.   Filing Protected Material In Court.  Before any Protected Material, including, but not limited to, materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORENYS EYES ONLY are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.  The filing party must comply with Local Rule 79-5 and the Federal Rules of Civil Procedure for that purpose.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record, unless otherwise instructed by the Court.

12.4   The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

12.5   The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or legitimately obtains (*e.g.*, via public channels or independent knowledge) of that information.

12.6   Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

XIII.  **FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.

As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

//
//
//
//
//
//
//
//
//
//
//
//
//

# XIV. VIOLATION

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: July 9, 2021     Respectfully submitted,

/s/ Todd A. Boock
Todd A. Boock (SBN 181933)
 *todd@bnsklaw.com*
**BROWN, NERI, SMITH & KHAN LLP**
Los Angeles, California 90025
*Attorneys for Plaintiff*
THE ALIXIR COMPANY dba BEV

/s/ James D. Weinberger
James D. Weinberger (*admitted pro hac vice*)
 *jweinberger@fzlz.com*
Daniel M. Nuzzaci (*admitted pro hac vice*)
 *dnuzzaci@fzlz.com*
**FROSS ZELNICK LEHRMAN & ZISSU, P.C.**
New York, New York 10036

Kevin R. Lussier (SBN 143821)
 *klussier@cmlawfirm.com*
**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET LLP**
Los Angeles, California 90017
*Counsel for Defendant,*
QUE ONDA BEVERAGE, INC. dba ONDA

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: July 12, 2021

HON. ROZELLA A. OLIVER, United States Magistrate Judge

{F4163366 1 }

1

2   I, Todd A. Boock, am the ECF user whose user ID and password authorized

3 the filing of this document. Pursuant to Central District Local Rule 5-4.3.4(a)(2)(i), I

4 attest that all signatories to this document have concurred and authorized this filing.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on _____ [date] in the case of *The Alixir Company dba Bev v. Que Onda*

*Beverage, Inc. dba Onda.*, Case No. 2:20-cv-08368-RGK-RAO.  I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt.  I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [print or

type full name] of _____ [print or type full address

and telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on July 9, 2021. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on July 9, 2021.

/s/ Todd A. Boock

Todd A. Boock